IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PHILIP J. GUYLE, JR.,

          Plaintiff,

vs.                                          Case No. 21-3076-SAC

(FNU) RICHARDS, et al.,

          Defendants.

**O R D E R**

Plaintiff, pro se, has filed this action alleging violations of his constitutional rights in relation to his incarceration at the Franklin County Jail (FCJ). Plaintiff brings this case pursuant to 42 U.S.C. § 1983.[1] This case is before the court for the purposes of screening pursuant to 28 U.S.C. §§ 1915 and 1915A.

I. Screening standards

Section 1915A requires the court to review cases filed by prisoners seeking redress from a governmental entity or employee to determine whether the complaint is frivolous, malicious or fails to state a claim upon which relief may be granted. A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." Erickson v.

---

[1] Title 42 United States Code Section 1983 provides a cause of action against "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage of any State . . . causes to be subjected, any citizen of the United States . . . to the deprivation of by rights, privileges, or immunities secured by the Constitution and laws [of the United States]."

1

Pardus, 551 U.S. 89, 94 (2007). But, a pro se litigant is not relieved from following the same rules of procedure as any other litigant. See Green v. Dorrell, 969 F.2d 915, 917 (10th Cir. 1992). Conclusory allegations without supporting facts "are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

When deciding whether plaintiff's complaint "fails to state a claim upon which relief may be granted," the court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The court accepts the plaintiff's well-pled factual allegations as true and views them in the light most favorable to the plaintiff. United States v. Smith, 561 F.3d 1090, 1098 (10th Cir. 2009). The court may also consider the exhibits attached to the complaint. Id. The court, however, is not required to accept legal conclusions alleged in the complaint as true. Iqbal, 556 U.S. at 678. "Thus, mere 'labels and conclusions' and 'a formulaic recitation of the elements of a cause of action' will not suffice" to state a claim.

Khalik v. United Air Lines, 671 F.3d 1188, 1191 (10th Cir. 2012) (quoting Twombly, 550 U.S. at 555).

A viable § 1983 claim must establish that each defendant caused a violation of plaintiff's constitutional rights. Walker v. Mohiuddin, 947 F.3d 1244, 1249 (10th Cir. 2020)(quoting Pahls v. Thomas, 718 F.3d 1210, 1228 (10th Cir. 2013)).

> Plaintiffs must do more than show that their rights were violated or that defendants, as a collective and undifferentiated whole, were responsible for those violations. They must identify specific actions taken by particular defendants, or specific policies over which particular defendants possessed supervisory responsibility…

Id. at 1249-50 (quoting Pahls); see also, Robbins v. State of Oklahoma, 519 F.3d 1242, 1250 (10th Cir. 2008)("a complaint must make clear exactly who is alleged to have done what to whom").

II. The complaint

Plaintiff alleges that he suffered excessive force on March 14, 2019 while he was an inmate at the FCJ. The court assumes that plaintiff was a pretrial detainee. Plaintiff names as defendants the following officers in the Franklin County Sheriff's Office: (fnu) Richards, the Sheriff; (fnu) Geist, an Undersheriff; (fnu) Hall, a Lieutenant; (fnu) Woods, a Sergeant; and (fnu) Barkley, a Corporal.

Plaintiff refers to an assault with a taser against plaintiff by a corporal named Voigts. He alleges that Woods did not intervene to stop what plaintiff describes as excessive force.

Four days later he spoke to defendants Geist and Richards about what happened. Plaintiff further alleges that defendant Barkley was the supervisor at the jail when plaintiff was tased by Voigts. According to plaintiff, Barkley said that, to his knowledge, a report of the incident was not filed, but this statement is contradicted by a Martinez report filed in previous litigation – Case No. 19-3176.

III. Case No. 19-3176

Case No. 19-3176 is an excessive force case plaintiff filed against the same defendants except defendant Barkley and defendant Woods. The case also names Voigts as a defendant and it arises from the same facts of March 14, 2019 that are described in the case now before the court. This court, in Case No. 19-3176, dismissed the claims against defendants Richards, Hall and Geist, and granted summary judgment in favor of defendant Voigts. Plaintiff filed a notice of appeal, but the appeal was dismissed by order of the Tenth Circuit on July 14, 2021.

IV. Some of plaintiff's claims are barred by res judicata.[2]

Under the doctrine of res judicata or claim preclusion, a prior judgment bars later litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit. New Hampshire v. Maine, 532 U.S. 742, 748 (2001).

---

[2] Although it is an affirmative defense, res judicata may be raised by the court on its own motion when it is clearly recognizable from the complaint. Kirby v. OCWEN Loan Servicing, LLC, 641 Fed.Appx. 808, 811 n.2 (10th Cir. 2016).

4

"The principle underlying the rule of claim preclusion is that a party who once has had a chance to litigate a claim before an appropriate tribunal usually ought not have another chance to do so."  Lenox MacLaren Surgical Corp. v. Medtronic, Inc., 847 F.3d 1221, 1239 (2017)(interior quotation omitted).  There are three elements to claim preclusion:  1) a final judgment on the merits in the earlier action; 2) identity of parties or privies in the two suits; and 3) identity of the cause of action in both suits.  Id.  There is an exception to the application of claim preclusion if the party opposing it did not have a full and fair opportunity to litigate the claim in the prior action.  Id.

    Here, plaintiff is bringing the same cause of action against defendants Richards, Hall, and Geist as he brought in Case No. 19-3176.  There is an identity of parties as to these defendants and a final judgment on the merits in the earlier action has been entered.  Doc. No. 66 of Case No. 19-3176.  Therefore, the court shall direct plaintiff to show cause why this action against defendants Richards, Hall, and Geist should not be dismissed under the doctrine of res judicata or claim preclusion.

V. The complaint fails to state a claim against defendants Richards, Hall, Geist, Barkley and Woods.

    The complaint also fails to state a claim against defendants Richards, Hall, Geist, Barkley and Woods.  Plaintiff makes general and conclusory allegations regarding a failure to supervise and

5

train.  Such assertions unaccompanied by any specific factual allegations, however, are inadequate to state a plausible claim for relief.  See Huff v. Reeves, 996 F.3d 1082, 1093 (10th Cir. 2021); Waller v. City and County of Denver, 932 F.3d 1277, 1288-89 (10th Cir. 2019).

Plaintiff claims that defendants Richards, Hall and Geist did not properly respond to his grievances concerning the alleged excessive force.  This court, however, noted in a screening order in Case No. 19-3176 that plaintiff's claims regarding the handling of his grievances did not rise to the level of denying a constitutional right or right guaranteed by federal law.  Doc. No. 7, p. 5.  The same ruling applies here.

Plaintiff also asserts that defendant Hall improperly denied plaintiff's request for a copy of an incident report and that defendant Barkley falsely told him that an incident report had not been filed.  Again, these facts do not describe a violation of the Constitution or of federal law.  See Love v. Bolinger, 927 F.Supp. 1131, 1138 (S.D.Ind. 1996)(no general constitutional federal right to truth in cases where plaintiff was not denied access to the courts).  Nor is the court aware of any constitutional right to an incident report.  Even if there was such a right, the record reflects that plaintiff received access to an incident report when the Martinez report was filed in Case No. 19-3176.  Doc. No. 15-22 (list of exhibits to report).

6

Finally, plaintiff's allegations do not state a claim against defendant Woods. Plaintiff alleges that defendant Woods witnessed the alleged excessive force by Voigts and failed to intervene, failed to report the incident to his superiors, and told a false story to cover up the true events. These allegations fail to state a claim for relief under § 1983. Plaintiff's generalized claims that he suffered an assault or excessive force are not sufficiently specific to give fair notice of a claim for relief. See Anderson v. Easter, 2020 WL 2306616 *2 (D.Kan. 5/8/2020)(collecting cases rejecting vague assertions of assault or excessive force). Plaintiff's claims also fall short of describing a clearly established constitutional violation.[3] See Thompson v. Orunsolu, 798 Fed. Appx. 288, 291 (10th Cir. 2020)(suggesting deferential review of prison guard's use of pepper spray because instantaneous decisions to apply force are required to preserve internal order); Stevenson v. Cordova, 733 Fed.Appx. 939 (10th Cir. 2018)(denying claim on qualified immunity grounds where it was not clearly established that use of taser was excessive under Eighth Amendment analysis where inmate refused order to cuff up); Guyle v. Voigts, 2021 WL 1108680 *5 (D.Kan. 3/23/2021)(dismissing plaintiff's

---

[3] The standard for a pretrial detainee's excessive force claim is purely an objective one in which he can prevail by providing objective evidence that the use of force was not rationally related to a legitimate governmental objective or that it was excessive in relation to that purpose. Brown v. Flowers, 974 F.3d 1178, 1182 (10th Cir. 2020)(quoting Kingsley v. Hendrickson, 576 U.S. 389, 397-98 (2015)).

excessive force claim against Voigts on qualified immunity grounds). Plaintiff also does not assert facts showing that defendant Woods had the knowledge and ability to intervene to protect plaintiff from harm. Cf., Estate of Booker v Gomez, 745 F.3d 405, 423 (10th Cir. 2014)(allowing claim to continue where there was evidence that defendants could have prevented or stopped an assault upon a detainee). Further, plaintiff does not allege facts which show that a failure to report the incident truthfully by Woods violated plaintiff's right of access to the courts to litigate his claim or otherwise violated plaintiff's constitutional rights.

VI. Conclusion

In conclusion, the court finds that some of plaintiff's claims are barred by res judicata and that plaintiff has failed to state a claim for relief against the defendants named in this action. The court shall grant plaintiff time until September 3, 2021 to show cause why this case should not be dismissed or to file an amended complaint which corrects the deficiencies found in the original complaint. An amended complaint should be printed on forms supplied by the Clerk of the Court which may be supplemented. Failure to respond to this order may result in the dismissal of this case.

**IT IS SO ORDERED.**

Dated this 3rd day of August 2021, at Topeka, Kansas.


s/Sam A. Crow_____
U.S. District Senior Judge

9